[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12951
Non-Argument Calendar

_____

Agency No. A208-181-555


CARMEN CELENE MIRANDA MIRANDA,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 5, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Carmen Miranda Miranda seeks review of a BIA order affirming an IJ's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. After review, we deny Ms. Miranda's petition.[1]

First, the BIA did not err in ruling that Ms. Miranda's proposed social group – Guatemalan women against gangs – is not legally cognizable for purposes of asylum. A cognizable social group under 8 U.S.C. § 1101(a)(42)(A) must have members who share a characteristic that is immutable or fundamental to their conscience or identity, and the group must have sufficient social distinction. *See Amezcua-Preciedo v. Atty. General*, 943 F.3d 1337, 1342-43 (11th Cir. 2019) (holding that social group comprised of women in Mexico unable to leave their domestic relationships was not cognizable – although gender was an immutable characteristic, the group was not socially distinct in Mexican society and was not defined with sufficient particularity). Ms. Miranda's proposed social group does not satisfy this standard. For example, Ms. Miranda did not establish that her proposed group was viewed as socially distinct in Guatemala. *See Mendez-Berrera v. Holder*, 602 F. 3d 21, 26-27 (1st Cir. 2010) (holding that young women in El Salvador who resisted gang recruitment was not a cognizable group).[2]

---

[1] We assume the parties' familiarity with the record, and set out only what is necessary to explain our decision.

[2] Given our ruling on this issue, we need not address whether Ms. Miranda established persecution on account of membership in her proposed group.

Second, substantial evidence supported the BIA's determinations that Ms. Miranda failed to establish (1) that the Guatemalan government was aware of the illegal activity directed at her, and (2) that it was more likely than not that she would be tortured by or with the acquiescence of the government upon her return to Guatemala.    The Guatemalan government's mixed success in combating, prosecuting, and suppressing gang violence and torture – as indicated in the human rights report offered by Ms. Miranda – does not constitute acquiescence in such conduct.  In addition, Ms. Miranda did not notify the authorities of the beatings or threats, and this indicates that the Guatemalan government was unaware of what she experienced and endured.  *See generally Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (in the context of review of agency fact-finding, "substantial evidence" means more than a mere scintilla, and such that reasonable minds might accept as adequate to support a conclusion).

**PETITION DENIED.**